UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APRIL FAVORS, | ) )  ) |
| Plaintiff, | )  ) |
| v. | )  Civil Action No. 22-1214 (UNA) ) |
| AUSTIN WOMEN'S HEALTH CENTER, | )  ) |
| Defendant. | )  ) |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and her *pro se* complaint, ECF No. 1. The Court grants the application and, for the reasons discussed below, dismisses the complaint.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges that she "had a procedure that failed," causing her to have undergone two additional surgical procedures. Compl. at 4. She further alleges that she filed complaints with an unidentified agency, but the agency failed to conduct a fair investigation of her complaints. *See id.* Plaintiff claims to have suffered "emotional distress" as a result of defendant's negligence, yet the complaint does not demand any particular form of relief. *Id.*

As drafted, plaintiff's complaint fails to comply with the minimal pleading standard set forth in Rule 8(a). First, plaintiff does not state a basis for this Court's jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). This complaint neither presents a federal question nor demonstrates complete diversity between the parties.

Second, there are so few facts alleged that the complaint, as drafted, fails to give defendant adequate notice of the claim plaintiff attempts to bring. It is not enough that plaintiff alleges negligence. The complaint neither identifies the surgical procedures performed, states the dates on which the procedures were performed, nor provides any other information about the events giving rise to this action. Accordingly, the Court will grant the application to proceed *in forma pauperis* and dismiss the complaint without prejudice. A separate order will issue.

DATE: May 6, 2022

                                               TREVOR N. McFADDEN
                                               United States District Judge